[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12301
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-22533-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YANETH MARGARITA CORONELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2014)

Before TJOFLAT, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Yaneth Margarita Coronell appeals the district court's grant of summary judgment in favor of the government in its action to revoke her naturalized U.S. citizenship. On appeal, Coronell argues that the five-year statute of limitations applicable to the rescission of lawful permanent resident status under Immigration and Nationality Act (INA) § 246(a), 8 U.S.C. § 1256(a), precludes the revocation of her naturalized U.S. citizenship. After careful review, we affirm.

Coronell, a native of Colombia, first entered the United States on January 19, 1992 with her husband, Alvaro De La Hoz. The couple joined a church in Hialeah, Florida in 1997 and quickly learned from other members that Marcial Cordero claimed that he could secure immigrant visas and permanent resident status for church members. The couple sought out Cordero's services. Based on false claims that De La Hoz was a religious worker, Cordero secured permanent resident status for both De La Hoz and Coronell. Coronell's status as a permanent resident made her eligible for naturalization as a U.S. citizen, see INA § 316(a), 8 U.S.C. § 1427(a), which she was granted when she took the oath of allegiance on December 19, 2007.

Shortly thereafter, the government accused Cordero of filing more than two hundred fraudulent applications for immigrant visas and adjustment of status. Coronell's application was among those fraudulent filings. As a result, the United States filed a complaint to revoke Coronell's naturalized citizenship pursuant to

2

INA § 340(a), 8 U.S.C. § 1451(a). The government moved for summary judgment, arguing that the undisputed facts established that Coronell failed to lawfully obtain permanent resident status, a prerequisite for naturalization under 8 U.S.C. § 1429. The district court agreed with the government's position and granted the motion.

On appeal, Coronell challenges neither the district court's determination that her permanent resident status was unlawfully obtained nor the determination that lawful permanent resident status is a prerequisite to naturalization. Rather, she argues for the first time on appeal that INA § 246(a), 8 U.S.C. § 1256(a), creates a five-year statute of limitations applicable to denaturalization complaints premised on the invalidity of the underlying grant of permanent resident status. "This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted). While we recognize that the requirement that a litigant present an argument to the district court before raising it on appeal is not a jurisdictional one, and so we "may choose" to hear an otherwise waived argument, id. at 1332, we decline to exercise that discretion here. Moreover, Coronell has not argued, nor do we conclude based on our independent review, that this case presents one of the "exceptional" circumstances in which we have permitted issues to be raised for the first time on appeal. See id.

For this reason, we **AFFIRM** the district court's grant of summary judgment.